UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE RUSSELL<br><br>Plaintiff,<br><br>v.<br><br>DARREN WERTZ and<br>JUANITA WERTZ,<br><br>Defendants. | Case No.: 23-cv-819-WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed In Forma Pauperis ("IFP") (ECF No. 2), Motion to Appoint Counsel (ECF No. 1 at 2)[1], and Motion to Proceed Under Pseudonym (ECF No. 1 at 6)[2] filed by Plaintiff Bonnie Russell.

/ / /

/ / /

/ / /

---

[1] The Court construes Plaintiff's Declaration stating that she requests the Court appoint counsel as a Motion to Appoint Counsel. (ECF No. 1 at 2.)

[2] The Court construes Plaintiff's Declaration as requesting to proceed under a pseudonym, "Jane Doe." (ECF No. 1 at 6.)

1

Case 3:23-cv-00819-WQH-BLM   Document 3   Filed 05/26/23   PageID.23   Page 2 of 6

## I. BACKGROUND

On May 4, 2023, Plaintiff, proceeding pro se, initiated this action by filing a Notice of Removal.[3] (ECF No. 1.) Plaintiff also filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), Motion to Appoint Counsel (ECF No. 1 at 2), and Motion to Proceed Under Pseudonym (ECF No. 1 at 6).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). To satisfy the 28 U.S.C. § 1915(a) requirements, "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs … and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In her application to proceed IFP, Plaintiff states that she receives $278.00 per month in public assistance and $1303.30 per month in other unspecified payments. (ECF No. 2 at 2.) Plaintiff lists an employer, and states that she has been employed with the employer from 1999 through present, but Plaintiff did not fill in the "gross monthly pay" field. *Id.* Plaintiff states that she has $1600 in a debit account, $1700 in a personal account, and $17,000 in a "Roth & Personal" account. *Id.* Plaintiff states that she pays $3000.00 per month on rent at a hotel, $1500 per year for homeowner's or renter's insurance, $1400.00

---

[3] Plaintiff states in the caption of the filing that the document is a request for removal. There is no state case involving Plaintiff mentioned in the filing and no state court complaint is attached or discussed. (*See* ECF No. 1.) Additionally, Plaintiff lists on the Civil Cover Sheet that there are no related cases. (*See* ECF No. 1-1.) Based upon this filing, the Court cannot determine whether the filing is properly removed—or that a state court complaint exists. At this stage, the Court considers Plaintiff's filing as a newly filed federal Complaint.

for health insurance related to "dental work," and $145 on websites. *Id.* at 4. Plaintiff leaves the remainder of the expenses fields blank. *Id.*

Having read and considered Plaintiff's application, the Court finds that Plaintiff has not met the IFP status requirements under 28 U.S.C. § 1915. With respect to her income, Plaintiff only states that she receives public assistance and "other" income but does not specify the source of this income. The fields that request her employment monthly income have been left blank. Plaintiff only lists her monthly rent payment and insurance payments, although she does not specify how frequent the $1400 health insurance payment is made. Plaintiff also has multiple bank accounts that contain more than $1000 each. Plaintiff states that she expects major changes to her monthly income or expenses or her assets or liabilities in the next twelve months. (ECF No. 2 at 5.) She also states that she has spent or will spend money for expenses or attorney fees in conjunction with this lawsuit. *Id.* It is not apparent based upon the application how Plaintiff is obtaining basic life necessities, and thus whether this source of funds—if it exists—could cover the required filing fee in this action or whether it is applied to other expenses. It is also not clear how much Plaintiff's income or expenses will change in the next twelve months. Moreover, Plaintiff has money in multiple bank accounts such that there would still be money left over in these accounts to cover the monthly expenses she did list if she were to pay the $402 filing fee. Because Plaintiff's application does not indicate that requiring her to pay the filing fee would impair her ability to obtain the necessities of life, the Court finds that, based upon the IFP application presented, Plaintiff has the means to prepay the required filing fee without making a sacrifice to other expenses. *See Adkins*, 335 U.S. at 339. Plaintiff's request to proceed IFP is denied without prejudice.

### III.   MOTION TO APPOINT COUNSEL

Plaintiff requests the Court appoint counsel because she "is a 72 year old female suffering from a rare auto-immune disease" that causes severe itching and fatigue such that "Plaintiff is not mentally on her game." (ECF No. 1 at 2.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). However, this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the [plaintiff] to articulate h[er] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986)). "[D]ifficulties which any litigant would have in proceeding pro se ... do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In the present case, Plaintiff has not yet shown a likelihood of success on the merits at this stage of the proceedings, and Plaintiff does not clearly state what claims she brings in the Complaint (*see* ECF No. 1). Plaintiff also fails to demonstrate an inability to represent herself in bringing any claims stated in the Complaint at this stage. The Court concludes the exceptional circumstances required for appointment of counsel are not present at this time.

## IV. MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff states that "Plaintiff attaches defamatory written postings of Defendant Wertz" and requests leave to amend her complaint and proceed as "Jane Doe." (ECF No. 1 at 6.)

Generally, a plaintiff's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted) (quoting Fed. R. Civ. P. 10(a)). The normal presumption, thus, "is that parties must use their real names." *Doe v.*

*Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Id.* (citations omitted). The Court of Appeals for the Ninth Circuit "allows parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067–68 (alteration in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In determining the need for anonymity when pseudonyms are used to shield the anonymous party from retaliation, courts must consider the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (citations omitted). In considering prejudice, "[t]he court must [] determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* Further, "the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Here, Plaintiff only states that she wishes to proceed under a pseudonym based upon alleged defamatory postings. Plaintiff fails to show how her need for anonymity outweighs the prejudice to the opposing party and the public's interest. *See Advanced Textile Corp.*, 214 F.3d at 1068. The Court finds Plaintiff has not met her burden to proceed under a pseudonym at this time. Plaintiff's request to proceed under a pseudonym, "Jane Doe," is denied.

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 2) is denied without prejudice. Plaintiff may refile the IFP application with more specific information regarding income and monthly expenses within **twenty-one (21)**

**days** of the date of this Order. Plaintiff is reminded that the IFP application specifically instructs that applicants leave no blank fields and to instead answer "0," "none," or "not applicable (N/A)."[4]

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 1 at 2) is denied without prejudice.

IT IS FURTHER ORDERED that the Motion to Proceed Under Pseudonym (ECF No. 1 at 6) is denied without prejudice.

Dated: May 26, 2023

Hon. William Q. Hayes
United States District Court

---

[4] Plaintiff is additionally reminded that "[t]elephone calls to chambers are permitted only for scheduling or calendaring motion hearings or as otherwise authorized by the Court. Court personnel are prohibited from interpreting orders, discussing the merits of a case, or giving legal advice, including advice on procedural matters." William Q. Hayes Civil Pretrial & Trial Procedures at 1.